FILED'05 AUG 05 14:45USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MOTIONLESS KEYBOARD COMPANY,  Civ. No. 04-180-AA

    Plaintiff,  OPINION AND ORDER

v.

MICROSOFT CORPORATION, NOKIA,
INC., and SAITEK INDUSTRIES LTD.,

    Defendants.

AIKEN, Judge:

On May 9, 2005, the court granted defendants' motions for summary judgment of non-infringement and defendants' joint motion for summary judgment of invalidity regarding United States Patent Nos. 5,178,477 and 5,332,322 (the '477 and '322 patents, respectively). All defendants seek an award of costs, and defendant Microsoft also seeks an award of attorney fees pursuant to 35 U.S.C. § 285.

Additionally, Thomas Gambaro, the inventor of the '477 and '322 patents and the controlling shareholder of plaintiff Motionless Keyboard Company, argues that he is entitled to

1   - OPINION AND ORDER

intervention as of right, or alternatively, permissive intervention, as a *pro se* plaintiff. In the event his motion to intervene is granted, Gambaro moves for reconsideration of the court's order granting defendants' motion for summary judgment of invalidity based on public use of the Cherry Model 5 Keyboard.

Gambaro's motions are denied. Federal Rule of Civil Procedure 24(a)(2) provides for intervention as of right when a motion to intervene is timely filed, and "the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Gambaro maintains that intervention as of right is appropriate, because plaintiff's counsel has indicated an intent to withdraw, and Gambaro's personal interest in the patents will not be represented adequately if his company is without an attorney.

Even if the court assumes that Gambaro has a protectable interest in the '477 and '322 patents based on his status as inventor and controlling shareholder of plaintiff, plaintiff's counsel has not filed a motion to withdraw, and the court is unaware of any intent to do so. Instead, one day after Gambaro filed his motion on June 2, 2005, plaintiff's counsel (on behalf of plaintiff) filed an opposition to defendants' request for costs and

fees, and on June 6, 2005, plaintiff's counsel filed a notice of appeal. Further, Gambaro is the controlling shareholder, director, and/or officer of plaintiff and has represented plaintiff in this action as plaintiff's sole witness under Federal Rule of Civil Procedure 30(b)(6). I thus find no reason why plaintiff cannot adequately represent Gambaro's interests, particularly given the fact that plaintiff owned the '477 and '322 patents during the time of the alleged infringement. See Arachnid, Inc. v. Merit Indus. Inc., 939 F.2d 1574, 1579 (Fed. Cir. 1991).

Similarly, I find that Gambaro fails to present adequate grounds for permissive intervention; regardless, I decline to exercise my discretion to allow permissive intervention. Fed. R. Civ. P. 24(b)(2). Therefore, Gambaro's motion to intervene is denied, and his various other motions - including the motion for reconsideration - are not properly before this court and they, too, are denied.[1] Likewise, Gambaro's objections to defendants' requests for costs and attorney fees will not be considered.

Defendant Microsoft moves for an award of attorney fees in defending this action. Specifically, Microsoft requests that the court award 25% percent of the approximately $240,000 expended in

---

[1] Moreover, Gambaro presents no compelling argument to support his untimely request for reconsideration. As aptly pointed out by defendants, Gambaro would have the court discount numerous admissions by plaintiff and Gambaro that the Cherry Model 5 Keyboard embodies the inventions claimed in the '477 and '322 patents. Memorandum in Support of Defendants' Joint Motion to Strike, pp. 5-6.

defending against plaintiff's claims of infringement. Under 35 U.S.C. § 285, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party" in patent infringement litigation. "Among the types of conduct which can form a basis for finding a case exceptional are willful infringement, inequitable conduct before the P.T.O., misconduct during litigation, vexatious or unjustified litigation, and frivolous suit." <u>Beckman Instruments, Inc., v. LKB Produkter AB</u>, 892 F.2d 1547, 1551 (Fed. Cir. 1989). However, "[a]bsent misconduct in conduct of the litigation or in securing the patent, sanctions may be imposed against the patentee *only if both* (1) the litigation is brought in subjective bad faith, *and* (2) the litigation is objectively baseless." <u>Brooks Furniture Mfg., Inc. v. Dutailier Intern., Inc.</u>, 393 F.3d 1378, 1381 (Fed. Cir. 2005) (emphasis added). Finally, such findings must be supported by clear and convincing evidence. <u>Id.</u> at 1382.

For the reasons stated in Microsoft's memorandum in support of attorney fees, I agree that plaintiff claims, particularly those alleging infringement of the '477 patent by the Strategic Commander, lack an objectively reasonable basis in law or fact. <u>See</u> Microsoft's Memorandum in Support of Motion for Attorney Fees, pp. 1, 3-5. However, the court must also find subjective bad faith. Though tempting, the court will not speculate as to plaintiff's motives in bringing suit against (very) deep-pocket

defendants to vindicate patented inventions that have yet to result in a marketable or sold product. Although Microsoft presents evidence that plaintiff might have once agreed that no Microsoft product infringed the '477 patent (and the allegations of infringement against the Microsoft Strategic Commander are the most troubling), I do not find clear and convincing evidence that plaintiff brought this action in subjective bad faith.

As asserted in oral argument, plaintiff and counsel repeatedly proclaim their bewilderment that the court did not find infringement from its own comparison of the accused products with the patent claims, despite the fact that plaintiff conceded no literal infringement on many claims and provided no evidence - aside from the accused devices themselves - to show that the devices were functionally equivalent to such claims. While defendants and the court may disagree with plaintiff's position, absent more persuasive evidence of bad faith or an improper motive, the court will give plaintiff the benefit of the doubt and decline to ascribe bad faith to it in bringing suit against Microsoft.

Finally, all defendants seek an award of costs. Pursuant to Federal Rule of Civil Procedure 54(d)(1), costs "shall be allowed as of course to the prevailing party, unless the court otherwise directs." Costs include: 1) fees of the clerk and marshal; 2) fees of the court reporter for stenographic transcripts necessarily obtained for use in the case; 3) fees for printing and witnesses;

4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920. The law of the regional circuit applies to purely procedural issues not pertaining to patent law, including costs. See Kohus v. Toys R Us, Inc., 282 F.3d 1355, 1357 (Fed. Cir. 2002). Therefore, Ninth Circuit law applies to defendants' requests for costs and plaintiff's accompanying objections.

Plaintiff objects to several categories of costs sought by defendants. First, plaintiff argues that defendants Microsoft and Nokia are not entitled to costs for videotaped depositions. However, most courts have allowed the recovery of costs associated with videotaping depositions if necessary to the proceedings. Beamon v. Marshall & Ilsley Trust Co., 411 F.3d 854, 864 (7th Cir. 2005); BDT Prods., Inc. v. Lexmark Int'l, Inc., 405 F.3d 415, 419-20 (6th Cir. 2005); Tilton v. Capital Cities/ABC, Inc., 115 F.3d 1471, 1477 (10th Cir. 1997); but see Mota v. Univ. of Tex. Houston Health Sci. Ctr., 261 F.3d 512, 529-30 (5th Cir. 2001).

Microsoft seeks $59.00 in costs associated with the reproduction of James Aungst's videotape deposition. However, Microsoft fails to explain why such reproduction was necessary, and this cost will not be allowed. In turn, Nokia seeks $1,778.25 for two videotaped depositions of Gambaro. Nokia argues that it was

necessary to videotape Gambaro's deposition to record plaintiff's dialing method associated with the '322 patent. While this explanation may support an award of costs for one videotaped deposition, it does not support two. Therefore, I will allow $918.50 for the first deposition.

Plaintiff also claims that Microsoft should not be allowed to recover costs for the depositions of James Aungst and Scott Roeder, because these depositions were not necessary for use in the case. Generally, the costs of obtaining depositions and copies of deposition transcripts are allowable if reasonably necessary to the defendant's motion for summary judgment. Alflex Corp. v. Underwriters Lab., Inc., 914 F.2d 175, 177 (9th Cir. 1990). However, the court does not recall the names of these individuals as being relevant to the issues raised on summary judgment, and Microsoft does not respond to plaintiff's objections or explain why these depositions were necessary. Therefore, these costs in the amount of $642.60 will not be allowed.

Next, plaintiff argues that defendants are not entitled to costs for transcripts of the summary judgment hearing. I agree, in that the hearing transcript was not necessary to prepare for further proceedings before this court. Defendants argue that because plaintiff has filed an appeal, the transcript of the hearing is therefore necessary. However, if defendants prevail on appeal, they then may seek costs for the hearing transcript.

Plaintiff also objects to costs for demonstrative exhibits used at the summary judgment hearing by Nokia and Saitek. Nokia seeks demonstrative exhibits costs in the amount of $31,869.94 and Saitek in the amount of $415. "In the context of § 1920, 'exemplification and copies of papers' has been interpreted to include all types of demonstrative evidence, including photographs and graphic aids." Maxwell v. Hapag-Lloyd Aktiengesellschaft, Hamburg, 862 F.2d 767, 770 (9th Cir. 1988) (citing cases). Thus, these costs are taxable, and I find Saitek's costs of $415.00 for demonstrative exhibit drawings reasonable.

However, the same cannot be said for the amount of costs sought by Nokia. While the court appreciated Nokia's impressive and technological demonstrations during oral argument, I cannot find that they were necessary to the proceedings so as to support an award of costs in excess of $30,000, particularly when much of the costs involve an outside firm's meeting with counsel, traveling, and presenting the demonstrative exhibits. Instead, I award $2,200 for the initial creation of the exhibits and $300 for revisions to them, for a total of $2,500.

Plaintiff also objects to defendants' costs for copies of the patent file histories. Microsoft seeks $4,957.15 in such costs, Nokia seeks $3,004.51, while Saitek requests only $185. While I agree that the patent histories were necessary and that such costs are taxable, see Endress & Hauser, Inc. v. Hawk Measurement Sys.

Pty. Ltd., 922 F. Supp 158, 160-61 (S.D. Ind. 1996), I cannot reconcile the disparity between the costs sought by Saitek and those sought by Microsoft and Nokia. Rather than disallow these costs, Microsoft and Nokia are given the opportunity to explain the amounts requested. Saitek is awarded $185.00.

Finally, plaintiff objects to the amount of costs for photocopying. Specifically, plaintiff objects to Microsoft's costs of $1,453.54 for reproduction of documents produced by plaintiff. I cannot discern whether these constitute duplicate copies, for which costs will be not allowed. Accordingly, Microsoft is given the opportunity to further explain the nature of these copies and the need for them.

Plaintiff also objects to the amount of costs sought by Nokia and Saitek for photocopying. Saitek seeks $1,815.70, representing 40% of the costs associated with photocopying documents other than demonstrative exhibits and the patent file history. Given the voluminous briefing, the arguments presented in support of non-infringement and invalidity and the evidence necessary to support those arguments, I find the costs sought by Saitek for photocopying to be both conservative and reasonable, and they will be allowed.

Nokia seeks costs in the amount of $11,722.72 for photocopying documents, representing 40% of its total cost. As with the costs for demonstrative exhibits, I cannot reconcile the amount sought by Nokia for photocopying with those sought by Microsoft (for printing

associated with briefing) and Saitek. I therefore award 40% of the amount sought, for a total of $4,689.08.

## CONCLUSION

Gambaro's Motion to Intervene, Motion for Reconsideration, and Motion to Strike (docs. 176, 177, 195) and defendant Microsoft's Motion for an Award of Attorney Fees (doc. 163) are DENIED, and defendants' Joint Motion to Strike Motion for Reconsideration (docs. 182) and defendant Saitek's Motion to Strike Gambaro's objections to the Bills of Cost (doc. 190) are DENIED as moot. Defendant Microsoft is awarded costs in the amount of $6,306.72 (doc. 162), defendant Nokia is awarded costs in the amount of $11,426.98 (doc. 165), and defendant Saitek is awarded costs in the amount of $4,849.65 (doc. 169). Within fourteen (14) days from the date of this order, Microsoft and Nokia may file further submissions in support of their costs for copies of the patent histories and reproduction of documents produced by plaintiff. Plaintiff shall have seven (7) days to file objections.

IT IS SO ORDERED.

DATED this 4 day of August, 2005.

_____
Ann Aiken
United States District Judge